# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

JOHN ROGER HEATH
fdba HEATH TRUCKING CO.

        Debtor

LARRY DAVID RUSSELL

        Plaintiff

v.

JOHN ROGER HEATH

        Defendant

Case No. 3:16-bk-30443-SHB
Chapter 7

Adv. Proc. No. 3:16-ap-3018-SHB

## MEMORANDUM ON
## MOTION FOR SUMMARY JUDGMENT

**APPEARANCES:**    RIDENOUR & RIDENOUR
                            J. Michael Clement, Esq.
                            108 South Main Street
                            Clinton, Tennessee  37716
                            Attorneys for Plaintiff

                            WILLIAM E. MADDOX, JR., LLC
                            William E. Maddox, Jr., Esq.
                            Post Office Box 31287
                            Knoxville, Tennessee  37930
                            Attorneys for Defendant

**SUZANNE H. BAUKNIGHT**
**UNITED STATES BANKRUPTCY JUDGE**

On May 23, 2016, Plaintiff initiated this adversary proceeding by the filing of a complaint, asking the Court to deny Defendant his discharge pursuant to 11 U.S.C. § 727.[1] Presently before the Court are (1) Defendant's Motion for Summary Judgment with supporting documents [Adv. Docs. 56, 57, 58] and (2) Plaintiff's response in opposition [Adv. Doc. 62].[2] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

## I. Facts

The parties have stipulated and/or the record[3] reflects the following facts. Plaintiff previously worked for Defendant, during which Plaintiff was injured during the course and in the scope his employment. [Adv. Docs. 58 at ¶¶ 4.6, 5.7; 62 at ¶¶ 6, 7.] Plaintiff subsequently filed a workers' compensation lawsuit for his work injury in the Loudon County Chancery Court styled *Russell v. Heath*, No. 11464, and obtained a judgment entered on May 7, 2010, in the original amount of $66,900.96. [Adv. Docs. 58 at ¶¶ 6.8, 7.9, 10; 62 at ¶¶ 8, 9, 10.] On February 4, 2016, Plaintiff filed an Application for Garnishment or Execution and Statement for Judgment with the Loudon County Chancery Court for the unpaid balance of the judgment plus interest, expenses, and court costs. [Adv. Docs. 58 at ¶ 9.14; 62 at ¶ 14.]

---

[1] Plaintiff did not specify a subsection of § 727, but the Court construes the allegations of the complaint as alleging a claim under § 727(a)(4).

[2] After the Court scheduled a trial and the parties filed pretrial documents pursuant to the Pretrial Order, Plaintiff moved to continue the trial date, which the Court granted. [*See* Adv. Docs. 22, 39-48, 51.] On the date set for trial, Plaintiff orally moved to continue the trial, resulting in the parties agreeing that the case should be submitted to the Court on cross-motions for summary judgment. [*See* Adv. Doc. 54.] Plaintiff's Motion for Summary Judgment Against Defendant [Adv. Doc. 59] filed on October 11, 2017, was summarily denied by an Order entered on October 17, 2017, because it was not timely filed by October 6, 2017, in accordance with the parties' agreed-upon deadline for the filing of dispositive motions, the Court's express instructions at the September 14, 2017 hearing concerning the deadline, and the directives memorialized in the Court's Order entered on September 15, 2017. [*See* Adv. Doc. 63.]

[3] The Court takes judicial notice of all documents of record in Defendant's underlying Chapter 7 bankruptcy case pursuant to Rule 201 of the Federal Rules of Evidence. All references to the record in this adversary proceeding are identified by "Adv. Doc." All references to the record in Defendant's underlying bankruptcy case are identified by "Doc."

2

Fifteen days later (on February 19), Defendant filed his Chapter 7 bankruptcy case. He attended the § 341 meeting of creditors on March 22, during which he was asked by the Chapter 7 Trustee to amend his schedules because he had not listed any clothing in Schedule A/B ("Original Schedule A/B"). [Doc. 9; Adv. Docs. 58 at ¶ 3.5; 62 at ¶ 5.] To remedy the error, Defendant filed an Amended Schedule A/B ("Amended Schedule A/B") [Doc. 13] on April 1, 2016, which was served on all creditors (although it was only required to be served on the Chapter 7 Trustee, the United States Trustee, and any affected entity) [*see* Doc. 14].[4] Amended Schedule A/B listed only Defendant's clothing valued at $200.00 but did not reflect information that had been listed in Original Schedule A/B, including an ownership interest in a business; legal or equitable ownership interest in any real property; that Plaintiff's workers' compensation claim was still pending; a setoff from any account for payment towards Plaintiff's judgment debt; legal or equitable ownership interest of more than 5% in any business during the four years prior to filing his case; and/or legal or equitable ownership in any vehicle, household goods, furnishings, electronics, cash, and/or financial accounts, which Defendant acknowledges and stipulates was inaccurate information. [Adv. Docs. 58 at ¶¶ 1, 2; 62 at ¶¶ 1, 2.]

Relying solely on the information in Amended Schedule A/B, Plaintiff timely initiated this adversary proceeding to object to Defendant's discharge approximately eight weeks after Defendant filed the Amended Schedule A/B. Defendant initially filed a Motion to Dismiss [Adv. Doc. 7], which was denied by the Court's Memorandum and Order on Motion to Dismiss by Defendant [Adv. Doc. 14] entered on August 5, 2016. Defendant then answered the complaint [Adv. Doc. 16], denying that he made false statements or that his discharge should be denied.

---

[4] Defendant also filed an Amended Statement of Financial Affairs [Doc. 12] on April 1. The Chapter 7 Trustee, apparently satisfied with Defendant's amended filings, filed his Report of No Distribution on April 5, 2016. [Doc. 15.]

Ten days after answering Plaintiff's complaint, Defendant filed a second Amended Schedule A/B ("Second Amended Schedule A/B") [Doc. 27] to include all of the information that had been reflected on Original Schedule A/B as well as the clothing that had been listed in Amended Schedule A/B. [Adv. Docs. 58 at ¶ 3; 62 at ¶ 3.]

## II. Analysis

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" utilizing the following procedures:

> (1) *Supporting Factual Positions*.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence*.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited*.  The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations*.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c) (applicable in adversary proceedings through Rule 7056 of the Federal Rules of Bankruptcy Procedure).  The Court does not weigh the evidence to determine the truth of the matter asserted when deciding a motion for summary judgment but simply determines

4

whether a genuine issue for trial exists. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

As movant, Defendant bears the burden of proving that summary judgment is appropriate by establishing that there is no genuine dispute concerning any material fact, such that any defense alleged is factually unsupported. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the initial burden of proof is met, the non-moving party must prove that there is a genuine dispute of material fact for trial but may not rely solely on allegations or denials contained in the pleadings. *See Nye v. CSX Transp., Inc*., 437 F.3d 556, 563 (6th Cir. 2006) (holding that reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient"); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). The facts and all resulting inferences are viewed in a light most favorable to the non-moving party, and the Court must decide whether "the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 243. Nevertheless, when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

A Chapter 7 discharge relieves an "honest but unfortunate" debtor of his or her debts, allowing a "fresh start" through the discharge. *Buckeye Ret. Co. v. Heil (In re Heil)*, 289 B.R. 897, 901 (Bankr. E.D. Tenn. 2003) (citations omitted). The discharge of all prepetition debts is granted under 11 U.S.C. § 727(a) unless the bankruptcy court determines that it should apply one of the enumerated exceptions, including the provision argued by Plaintiff in this adversary

5

proceeding: that a debtor may not receive a discharge if he or she knowingly and fraudulently made a false oath or account in connection with the case. *See* 11 U.S.C. § 727(a)(4)(A).[5]

Chapter 7 debtors are "continually and affirmatively required to disclose" creditors, assets, liabilities, income, and statements of financial affairs that are "complete and reliable." *Tow v. Henley (In re Henley)*, 480 B.R. 708, 766 (Bankr. S.D. Tex. 2012). The § 727 exceptions are in place to ensure that "*abusive* debtor conduct can be dealt with by denial of discharge." *Roberts v. Oliver (In re Oliver)*, 414 B.R. 361, 373 (Bankr. E.D. Tenn. 2009) (citations omitted). Accordingly, bankruptcy courts construe § 727(a) liberally in favor of debtors, and the party objecting to discharge bears the burden of proof by a preponderance of the evidence. *See Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000); Fed. R. Bankr. P. 4005. To successfully bar Defendant's discharge under § 727(a)(4)(A), Plaintiff must prove that Defendant (1) made a statement under oath; (2) the statement was false; (3) Defendant knew that the statement was false when he made it; (4) Defendant fraudulently intended to make the statement; and (5) the statement materially related to the bankruptcy case. *See Ayers v. Babb (In re Babb)*, 358 B.R. 343, 355 (Bankr. E.D. Tenn. 2006).

Unquestionably, affirmative false statements and omissions fall within the scope of § 727(a)(4)(A), and a debtor's statements and schedules, which are executed under penalty of perjury, are included within that scope. *Id.* Here, the parties do not dispute that Amended Schedule A/B did not contain complete and accurate information. In fact, Defendant

---

[5] In his trial brief [Adv. Doc. 43 at p. 6-7], Plaintiff also argues that Defendant should be denied his discharge under 11 U.S.C. § 727(a)(2), which states that "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . . (A) property of the debtor, within one year before the date of the filing of the petition[.]" Denial of discharge under that subsection, however, requires proof that Defendant engaged in actual fraud and, with the intent to hinder, delay, or defraud his creditors, actually disposed of, transferred, or concealed property within the year prior to filing his bankruptcy petition. *Roberts v. Oliver (In re Oliver)*, 414 B.R. 361, 381 (Bankr. E.D. Tenn. 2009) (citations omitted). Plaintiff did not plead such facts in his complaint, nor was such proof presented in connection with the instant motion.

6

acknowledged in his Statement of Undisputed Facts that Amended Schedule A/B failed to list any of the information in Original Schedule A/B including that he held an ownership interest in any business; that he held a legal or equitable interest in any real property, vehicle, household goods or furnishings, and/or electronics; that Plaintiff's workers' compensation claim was still pending; that any creditor had set off any accounts to pay Defendant's debts; and/or that he had any cash or financial accounts. [Adv. Doc. 58 at ¶¶ 1-2.] Nor is there any doubt that the information Defendant provided in his bankruptcy statements and schedules materially relates to his bankruptcy case. *See Keeney*, 227 F.3d at 686; *Searles v. Riley (In re Searles)*, 317 B.R. 368, 377 (B.A.P. 9th Cir. 2004) (holding that statements are material if they are related to a debtor's bankruptcy estate, the existence and disposition of property, business enterprises or transactions, and/or matters pertinent to the discovery of assets). Accordingly, the sole question here is whether Defendant acted knowingly and fraudulently when he filed Amended Schedule A/B, such that his discharged should be denied. Based on the record and relevant case law, the Court finds that he did not and that he is entitled to discharge.

Fraudulent intent is discerned from a debtor's conduct, demonstrated through material representations or omissions that he or she knows are false and likely to create an erroneous impression, or when he or she exhibits reckless disregard or indifference for the truth through continuing patterns of omissions and/or false statements in his or her bankruptcy schedules. *See Keeney*, 227 F.3d at 685; *Coleman v. McLean (In re McLean)*, Adv. No. 12-3057, 2013 WL 5863718, at *4 (Bankr. E.D. Tenn. Oct. 30, 2013 (citing cases)). "The elements of 'knowingly' and 'fraudulently' may not be conflated. They each must be proven." *Abbey v. Retz (In re Retz)*, 364 B.R. 742, 754 (Bankr. D. Mont. 2007). "Knowledge that a statement is false can be evidenced by a demonstration that the debtor 'knew the truth, but nonetheless failed to give the

7

information or gave contradictory information.'" *Babb*, 358 B.R. at 355 (citations omitted). Statements resulting from ignorance or carelessness do not reside to the level of "knowing and fraudulent," and honest mistakes or oversight will not warrant denying a debtor's discharge, *see McDermott v. Petersen (In re Petersen)*, 564 B.R. 636, 649 (Bankr. D. Minn. 2017); however, evidence of reckless indifference may "provide the foundation for a finding of fraudulent intent." *Newton v. Sims (In re Sims)*, Adv. No. 10-3100, 2011 WL 2619106, at *6 (Bankr. E.D. Tenn. July 1, 2011) (citations omitted). Similarly, a debtor's subsequent voluntary disclosure may invalidate allegations of fraudulent intent, and a debtor who mistakenly or inadvertently provides false information or fails to disclose pertinent information and takes steps to amend his schedules to correct them prior to or during a meeting of creditors generally is not thought to possess the requisite fraudulent intent to deny discharge under § 727(a)(4)(A). *Babb*, 358 B.R. at 355-56. As summarized by the Sixth Circuit Court, "[c]ourts may deduce fraudulent intent from all the facts and circumstances of a case[; h]owever, a debtor is entitled to discharge if false information is the result of mistake or inadvertence." *Keeney*, 227 F.3d at 686 (citations omitted).

Throughout his defense of this adversary proceeding, Defendant has repeatedly acknowledged that Amended Schedule A/B filed on April 1 did not include the information initially listed in Original Schedule A/B – all of which was subsequently included in Second Amended Schedule A/B. The reason for the oversight was Defendant's counsel's reading of the Local Rules of the Bankruptcy Court for the Eastern District of Tennessee ("Local Rules") that were current at the time.[6] Defendant argues that his counsel read and interpreted previous LBR 1009-1 as requiring only that the new information be listed in any amendment or, at the very

---

[6] As discussed below, the Local Rules were amended effective November 1, 2016, including the particular rule applicable here, which was revised to clarify that amendments to schedules should contain full and complete information, not just additional information. The Local Rules, including the rule applicable here, were again amended effective December 1, 2017. *See* n.6 *infra*.

8

least, that the rule was unclear as to whether all information was to be included in any amendment or if the rules required only the updated information.  Defendant also argues that he testified truthfully about his ownership interests in his home, car, business, and other property at his meeting of creditors; that he filed Amended Schedule A/B on April 1 at the request of the Chapter 7 Trustee in order to correct his error in failing to list that he owned clothes in Original Schedule A/B; and that he filed Second Amended Schedule A/B to include both the information contained in Original Schedule A/B and Amended Schedule A/B because he was not attempting to fraudulently withhold disclosure of any information.

The prior version of E.D. Tenn. LBR 1009-1 ("2012 LBR 1009-1"), which was amended effective November 1, 2016, provided, in material part:

> **(a) Form.**  Any amendment to a petition, list, schedule or statement must be made utilizing the Official Forms to the extent possible, must contain a caption, including the debtor's name and case number, and must set forth a title for the document, including the word "Amended."  Unless the sole purpose of the amendment is to correct an existing creditor's address, the amendment must be verified by the debtor in the same manner that the item being amended was originally executed and verified.
>
> **(b) Service.**  All amendments must be accompanied by a certificate evidencing service by the debtor on the trustee, if one has been appointed, the United States trustee, and any affected entity.  If the amendment is to the petition, the Statement of Social Security Number (Official Form 21), or Schedule C (Property Claimed as Exempt), all creditors are deemed affected such that the certificate of service for the amended petition, statement, or schedule must evidence service on all creditors and other parties in interest.
>
> **(c) Added Creditors.**  Amendments to schedules adding additional creditors or changing the address of a creditor must contain only the additional or corrected information.  The amended schedule shall be accompanied by –
>
>> (1) the required amendment fee if adding a creditor (no fee required if merely changing an address); and
>> (2) a certificate evidencing service on the trustee and the affected creditor of a copy of –
>>> (i) the amended schedule; and

> (ii) notice of the Bankruptcy Case issued by the clerk of the court and containing the debtor's full social security number.

2012 LBR 1009-1(a) – (c). Although the Court does not read 2012 LBR 1009-1 in the way that Defendant's counsel read it, the Court acknowledges that a cursory reading of the rule could – and did – lend itself to misinterpretation, not only by Defendant's counsel but by others as well, so much so that the entire rule was amended to require not only that all previous information be included in any amendments but also that a notice of amendment, expressly detailing the amended information, be filed as well. *See* E.D. Tenn. LBR 1009-1 (Dec. 1, 2017).[7]

Plaintiff has offered nothing to rebut Defendant's contentions, and the record includes nothing to indicate that Defendant has been anything but candid and credible in his arguments before this Court. Defendant's counsel, likewise, has been completely candid that it was his mistake in initially failing to include Defendant's clothing in Original Schedule A/B and that it was counsel's reading of 2012 LBR 1009-1 that led to his filing of Amended Schedule A/B with only the clothing listed. Nothing in the record remotely supports a finding that Defendant knowingly and fraudulently made false statements in either Original Schedule A/B, Amended Schedule A/B, or Second Amended Schedule A/B. The Court also finds it persuasive that the Chapter 7 Trustee filed his No Asset Report on April 5, 2016 – four days after Amended Schedule A/B was filed on April 1 – apparently comfortable with the information contained in Amended Schedule A/B and that it satisfied the requirements of the Code and his own questions from the meeting of creditors.

---

[7] The Local Rules now expressly require that "[a]ny amendment to a petition, list, schedule, or statement must – . . . *be fully completed, rather than set forth only the edited or supplemental information*[, and e]very amendment must be accompanied by an attached Notice of Amendment that fully identifies all changes between the former and amended document." E.D. Tenn. LBR 1009-1(a)(2), (b) (emphasis added).

In sum, Defendant unquestionably made mistakes in his Original Schedule A/B, by failing to list any clothing, and in his Amended Schedule A/B, by listing only his clothing; however, these oversights do not rise to the level required to satisfy the burden of proof required under 11 U.S.C. § 727(a)(4) and do not, alone, warrant denial of Defendant's discharge. *See Atkinson v. Page (In re Page)*, 568 B.R. 687, 701 (Bankr. D. Alaska 2017).

An Order consistent with this Memorandum will be entered.

FILED:  February 2, 2018

BY THE COURT

*/s/ Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE
